**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-002232-

HDN CONDO ASSOCIATION INC DAN ROTH,

Plaintiff,

v.

WEST AMERICAN INSURANCE COMPANY,

Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant West American Insurance Company ("Defendant"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, Routt County, State of Colorado, to the United States District Court for the District of Colorado. In support of said removal, Defendant states as follows:

**INTRODUCTION**

1. On or about April 2, 2021, Plaintiff initiated this action by filing its Complaint in the District Court for Routt County, State of Colorado, Case No. 2021CV30026 ("State Action"). Thereafter, on July 27, 2021, Plaintiff filed its Amended Complaint in the State Action. *See* Pltf's Amended Compl., attached as **Exhibit A**.

2. Plaintiff's Amended Complaint asserts three claims for relief against Defendant for: (1) Breach of Contract; (2) Common Law Bad Faith; and (3) Statutory Bad

Faith, arising out of Plaintiff's demand for first-party property coverage for alleged roof damage due to the weight of ice and snow. *See* **Ex. A**.

**COMPLIANCE WITH THE RULES**

4. All procedural requirements related to the removal of this action have been satisfied.

5. On July 28, 2021, Plaintiff purported to serve Defendant with a Summons and copy of Plaintiff's Amended Complaint via the Attorney General of the State of Colorado. *See* Return of Service, attached as **Exhibit B**.

6. This Notice of Removal is filed within thirty (30) days of the receipt by Defendant of the Summons and Complaint and is, therefore, timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).

7. Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1. This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions and other papers known to have been served on Defendant.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons (attached as **Exhibit C**) and Amended Complaint (**Exhibit A**) is attached to this Notice of Removal**.**

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2021CV30026, Routt County District Court, State of Colorado. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit D**.

11. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

12. Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

13. Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending. *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

14. Plaintiff's Amended Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the parties are citizens of different states, and (b) the amount in controversy exceeds $75,000.

### A. THE PARTIES ARE CITIZENS OF DIFFERENT STATES

15. Plaintiff HDN Condo Association Inc Dan Roth is a Colorado non-profit corporation that maintains its principal place of business in Colorado. *See* **Ex. A**, ¶ 1. Accordingly, Plaintiff is deemed to be a citizen of the State of Colorado. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by

which it has been incorporated and of the State or foreign state where it has its principal place of business…").

16. Defendant West American Insurance Company is a citizen of the State of Indiana and the State of Massachusetts. Defendant is incorporated under the laws of the State of Indiana and maintains its principal place of business in Boston, Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

17. For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18. While not waiving Defendant's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs.

19. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

20. In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for

the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose.)

21. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S.Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained in the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceeding, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

22. Pursuant to C.R.C.P. 8(a), each pleading containing an initial claim for relief in a civil action "shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapters 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires a plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading. *See* C.R.C.P. at Form JDF 601.

23. Here, in the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that it is seeking "a monetary judgment against another party for

more than $100,000, including any penalties or punitive damages, but excluding attorney fees, interest and costs . . ." *See* **Exhibit E**, State Court Civil Case Cover Sheet. Further, Plaintiff's representation is supported by the certification of Plaintiff's counsel pursuant to Colo.R.Civ.P. 11. *Id.*

24. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros Properties, LLC v. Colorado Casualty Insurance Co.*, 835 F.3d 1264, 1272-1273 (10th Cir. 2016). As the Tenth Circuit Court of Appeals has concluded:

> . . . at least one federal district judge in Colorado has determined that the cover sheet is notice that starts the removal clock. *See Henderson v. Target Stores, Inc.*, 431 F. Supp. 2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an 'other paper' that put the defendant on notice that the amount in controversy exceeded $75,000). We think that view is sound. There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).

25. In addition, in its Complaint, Plaintiff demands statutory damages pursuant to C.R.S. § 10-3-1115 and 1116, including reasonable attorney fees and court costs and "a doubling of the damages suffered by Plaintiff." *See* **Ex. A**, ¶¶ 33-34. Accordingly, Plaintiff's Third Claim for Relief for Statutory Bad Faith further confirms that the jurisdictional threshold of $75,000 is satisfied in this action. *See, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* No. 10-cv-02544-CMA-MEH, 2010 WL 5129536, *4 (D. Colo. 2010) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* No. 12-cv-02229-REB-KLM, 2013 WL 1412327 (D. Colo. 2013)

(finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

26. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000.00, exclusive of interest and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

27. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant West American Insurance Company requests that the action now pending in the District Court, Routt County, Case No. 2021CV30026, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 17th day of August, 2021.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/Brian J. Spano*
Brian J. Spano, Esq.
1200 17th Street, Suite 3000
Denver, CO 80202
Phone: (303) 623-9000
E-mail: bspano@lewisroca.com

*Attorneys for Defendant*
*West American Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2021, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Brent Demmit, Esq.
Sharp, Sherman & Engle, LLC
P.O. Box 774608
Steamboat Springs, Colorado 80477
(970) 879-7600
engle@steamboatlawfirm.com
demmit@steamboatlawfirm.com

*Attorneys for Plaintiff*

*s/ Brian J. Spano*
Brian J. Spano, Esq.